UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.

Kelly Wayne Lampi,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 05-136(10) ADM/AJB

_____

Chris S. Wilton, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Kelly Wayne Lampi, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Kelly Wayne Lampi's ("Lampi") Motion to Have Sentence Reduced [Docket No. 254]. For the reasons set forth below, Lampi's Motion is denied.

## II. BACKGROUND

On May 10, 2005, Lampi was arrested after delivering 150,000 pills of MDMA, also known as Ecstasy, to an undercover FBI Agent. Criminal Compl. [Docket No. 155].[1] On August 25, 2005, Lampi was charged with conspiracy to distribute 37,500 grams of Ecstasy. Information [Docket No. 171]. On August 26, 2005, Lampi plead guilty. Plea Agreement [Docket No. 177].

Lampi was sentenced on January 13, 2006, to 30 months in prison. Judgment [Docket No. 235] at 2. Under the Sentencing Guidelines, after factoring in Lampi's minimal

---

[1] Some of the documents in this case have been sealed, however, all of the information disclosed in this Order is from the public portion of the case file.

participation, a safety-valve reduction, and Lampi's acceptance of responsibility, the advisory range was calculated at 51-63 months in prison. After considering all relevant factors in light of 18 U.S.C. § 3553, the Court granted a variance from the guideline range to 30 months. On January 5, 2007, Lampi filed a Motion seeking to have his sentence reduced.

## III. DISCUSSION

Lampi raises a number of issues in his Motion to reduce his prison sentence. Lampi has not identified any particular statute or rule as authority to bring the instant Motion. Accordingly, the Court construes Lampi's Motion as one for modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c). Section 3582(c) sets out a limited set of circumstances under which a prison term may be modified:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > ***
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the facts or issues raised in Lampi's Motion fall within the narrow set of circumstances set forth in § 3582(c) under which a prison sentence may be modified. Because § 3582(c) allows for a modification of prison sentence only in very specific circumstances not found here, Lampi's Motion is denied.

**A.     There are no Extraordinary and Compelling Reasons to Warrant a Reduction in Sentence.**

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons if there are extraordinary and compelling reasons for the reduction in sentence. Here, notwithstanding the fact that this Motion was filed by Lampi rather than the Director of the Bureau of Prisons, there are no facts alleged by Lampi that qualify as "extraordinary and compelling" that justify a reduction in sentence. Though Lampi asks the Court to consider the difficult life conditions faced by Lampi, the Court previously considered those facts when it imposed a sentence less than the advisory guidelines range.

**B.     Only the Government can Request a Reduction in Sentence for Substantial Assistance.**

Under § 3582(c)(1)(B), the court may reduce a prison term pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 allows for a reduction in sentence when (1) the sentence needs to be corrected because of an "arithmetical, technical, or other clear error," or (2) upon the Government's motion after the defendant "provided substantial assistance in investigating or prosecuting another person." With respect to a reduction for a prisoner's

substantial assistance to law enforcement under Rule 35, the prosecutor is given discretion as to whether to make a motion to the court requesting a sentence reduction for substantial assistance to the Government. United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001).

Here, none of the provisions of Rule 35 suggest a reduction in sentence is appropriate. Lampi has not suggested the Court made a technical or arithmetical error in calculating his sentence. The Government has not made a motion for reduction in sentence for substantial assistance because the Government maintains Lampi was unable to provide substantial assistance, and the information he provided was not fruitful. Lampi has not made a substantial threshold showing that the prosecutor's refusal to make a substantial assistance downward departure motion is unconstitutional or motivated by bad faith. Wolf, 270 F.3d at 1190. Thus, Rule 35 does not provide a basis for reducing Lampi's sentence.

C. **Lampi Was Not Sentenced Under A Sentencing Range That Has Been Subsequently Lowered By The Sentencing Commission.**

Under § 3582(c)(2), a court may reduce a prisoner's sentence when the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Here, the sentencing range used to calculate Lampi's term of imprisonment has not been subsequently lowered by the Sentencing Commission. Thus, Lampi does not qualify for a reduction in sentence.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Lampi's Motion to Have Sentence Reduced [Docket No. 254] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 30, 2007.